dise by personal visits to the factories abroad; that he had also received quotations from the foreign manufacturers by mail; that the price which he paid for the mer-chandise in question was the price appearing on the invoice; and that he had previously imported book ends for which he paid a higher price, but that the instant items were smaller. Upon the record presented it was held that there was no intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the correct value of the merchandise. The petition was therefore granted.

BEFORE THE THIRD DIVISION, MARCH 7, 1951

**No. 55317.**—Ernst Roth & Co. *v.* United States, petition 6772–R (New Orleans).

Opinion by CLINE, J. The petition was dismissed.

BEFORE THE FIRST DIVISION, MARCH 8, 1951

**No. 55318.**—Alfred Dunhill of London, Inc. *v.* United States, protest 142230–K (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of carbon cutters the same in all material respects as those the subject of Abstract 54329, the claim of the plaintiff was sustained.

**No. 55319.**—Q. W. Lung Co. *v.* United States, protest 992958–G (Boston).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of mah jong sets composed of synthetic phenolic resin similar in all material respects to those the subject of Abstract 54651, the claim at 20 percent under paragraph 1558 was sustained.

**No. 55320.**—Henry L. Goetz and Sun Kwong On Co. *v.* United States, protests 39435–K and 82466–K (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of mah jong sets composed of synthetic phenolic resin similar in all material respects to those the subject of Abstract 54651, the claim at 20 percent under paragraph 1558 was sustained.